HARDING, Appellant,

v.

CONRAD, Admr., et al., Appellees.

[Cite as *Harding v. Conrad* (1997), 121 Ohio App.3d 598.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE11–1592.

Decided June 17, 1997.

*Barkan & Neff* and *Merl H. Wayman*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee Administrator of Workers' Compensation.

**600**

CLOSE, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas affirming the decision of the Industrial Commission of Ohio which denied Katherine Harding, appellant, her claim to receive workers' compensation benefits for injuries she allegedly sustained while participating in a rehabilitation program.

Appellant was participating in a rehabilitation program for an injury sustained to her back and left hip while employed at the Ohio Veteran's Children's Home. Appellant agreed to enter a rehabilitation facility located in Columbus, Ohio, choosing to stay at the facility's dormitory rather than commuting daily from her home in Springfield, Ohio. Residents of the dormitory were told that, in the event of fire, they were to take the stairs rather than the elevators.

On the evening of February 23, 1994, appellant looked out her dormitory window and saw fire trucks. Shortly thereafter, she heard someone yell, "Fire, fire." Appellant was walking towards the stairway when she tripped over her own feet and fell on her knees. Another resident helped her down the stairway. She put ice on her knees that night and went to the nurse's office on the following morning, February 24, 1994. Later that afternoon, appellant saw a doctor at the medical facility located at the rehabilitation center, and the doctor prescribed medication for pain and swelling. Appellant continued her rehabilitation.

Thereafter, appellant filed a new workers' compensation application for injuries she received on February 23, 1994. The Industrial Commission denied appellant's claim, stating that the injuries did not occur in the "scope of and arising out of claimant's rehabilitation program." Appellant appealed the decision of the Industrial Commission to the Franklin County Court of Common Pleas, which affirmed the Industrial Commission's decision.

Appellant appeals the judgment of the Franklin County Court of Common Pleas, raising the following assignments of error:

"1. The trial court erred by concluding Plaintiff has no right to participate in the workers' compensation fund for the injury claimed to have been sustained on February 23, 1994 in accordance with Revised Code § 4121.68 and Ohio Administrative Code § 4123–18–14.

"2. The trial court erred by concluding Section 4123–18–14 of the Ohio Administrative Code is not in conflict with Revised Code § 4123.68."

In reviewing the decision of the court of common pleas, a court of appeals must determine whether the trial court abused its discretion as to issues of fact. However, it conducts a *de novo* review on issues of law. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d

339, 587 N.E.2d 835, paragraph one of the syllabus. The issue involved in the instant case is a question of statutory construction.

 "Statutory construction presents a legal issue which we review *de novo*. The first rule of statutory construction is that a statute which is unambiguous and definite on its face is to be applied as written and not construed. *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995, 997–998; *Vought Industries, Inc. v. Tracy* (1995), 72 Ohio St.3d 261, 265–266, 648 N.E.2d 1364, 1367–1368. Courts must give effect to the words explicitly used in a statute or rule rather than deleting words used, or inserting words not used, in order to interpret an unambiguous statute or rule. *State v. Taniguchi* (1995), 74 Ohio St.3d 154, 156, 656 N.E.2d 1286, 1287; *State v. Waddell* (1995), 71 Ohio St.3d 630, 631, 646 N.E.2d 821, 821–822." (Footnote omitted.) *State v. Wemer* (1996), 112 Ohio App.3d 100, 103, 677 N.E.2d 1258, 1260.

██ Moreover, "[i]f reasonably possible, the statutes and administrative regulations of Ohio must be harmonized, reconciled, and construed together." *State ex rel. Cuyahoga Cty. Hosp. v. Ohio Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 27, 27 OBR 442, 443, 500 N.E.2d 1370, 1372. With these standards of review in mind, we look at appellant's assignments of error.

██ While appellant raises two separate assignments of error in her statement of the assignments of error, she discusses them together in the body of her argument. Likewise, we shall address the assignments of error together. The gist of appellant's argument is that the Ohio Administrative Code unlawfully narrows the scope and application of R.C. 4121.68, which states:

"In the event a claimant sustains an injury or occupational disease or dies as a result of any injury or disease received in the course of and arising out of his participation in a rehabilitation program, the claimant or, in the case of death, a dependent of the claimant, may filed a claim for compensation and benefits as if the claimant's employer were the bureau of workers' compensation."

In order to highlight any possible limitations that Ohio Adm.Code 4123–18–14 may have on R.C. 4121.68, we juxtapose the Ohio Administrative Code here:

"(A) Claims for injury, occupational disease, or death incurred in the course of and arising out of participating in a rehabilitation division prescribed rehabilitation service may be filed for compensation and benefits as if the claimant's employer were the bureau of workers' compensation."

Appellant contends that the language of Ohio Adm.Code 4123–18–14 "prescribed rehabilitation service" unlawfully narrows the application of the words "in the course of and arising out of participation in a rehabilitation program"

contained in R.C. 4121.68. Of course, this contention presumes a broad interpretation of the words "prescribed rehabilitation service." Appellant would have this court interpret those words to mean that any injury occurring to an individual while under prescription for rehabilitation treatment would entitle that individual to workers' compensation benefits. The potential application of that interpretation would prove to be preposterous. For example, an individual who is walking into a rehabilitation facility for treatment could slip and fall, an individual who has decided to stay and chat with a few friends after treatment could slip and fall, or an individual driving to his prescribed treatment could get into an accident—the scenarios are endless. Where do we draw the line? Merely because a facility provides free room and board to an individual participating in a rehabilitation program does not mean that the facility becomes a guarantor of the participant's total safety. The statute and the Ohio Administrative Code are harmonious and do reconcile with each other, *State ex rel. Cuyahoga Cty. Hosp.;* the participant's safety will be guaranteed only while the individual is actually participating in a rehabilitation program.

We hold that the trial court's interpretation of both the Ohio Revised Code and the Ohio Administrative Code is reasonable and in tune with the drafters' intent. Giving "effect to the words explicitly used" in the statute, we find that there was no intent for the scope of either R.C. 4121.68 or Ohio Adm.Code 4123–18–14 to render the meaning appellant suggests. *Wemer.*

Accordingly, we hereby overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

PEGGY BRYANT and PETREE, JJ., concur.