[Cite as *Channels v. Bur. of Workers' Comp.*, 2011-Ohio-1173.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DANIEL CHANNELS, | ) | |
| | ) | CASE NO.    10 JE 16 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| ADMINISTRATOR, BUREAU OF | ) | |
| WORKERS COMPENSATION, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court,
Case No. 09CV267.

JUDGMENT:                              Affirmed.

APPEARANCES:
For Plaintiff-Appellant:         Attorney A. James Tsangeos
1810 – 36th Street NW
Canton, Ohio  44709-2739

For Defendants-Appellees:        Attorney Michael DeWine
Attorney General
Attorney Kevin Reis
Assistant Attorney General
150 East Gay Street, 22nd Floor
Columbus, Ohio  43215-3130

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  March 14, 2011

VUKOVICH, J.

¶{1}    Plaintiff-appellant Daniel Channels appeals the decision of the Jefferson County Common Pleas Court granting summary judgment for defendant-appellee Administrator of the Ohio Bureau of Workers' Compensation.

¶{2}    In the first two assignments of error Channels argues that the trial court did not correctly apply the standard of review for summary judgment. Specifically, he asserts that while the trial court indicated that there was a genuine issue of fact in its judgment, it still granted summary judgment for the Bureau. In doing so, according to Channels, the court weighed his credibility and found that his version of what happened seemed "unlikely." Consequently, he contends that the trial court improperly granted summary judgment for the Bureau.

¶{3}    In his third assignment of error he asserts that the trial court incorrectly determined that his injury did not occur "in the course of" and "arising out of" his participation in the rehabilitation program. Specifically, he contends that going into his house to pick up a contact name and directions was actual participation in the Bureau's rehabilitation program, and thus, his injury that occurred while doing that was compensable.

¶{4}    The Bureau disputes those arguments. It asserts that the injury did not occur while "in the course of" and "arising out of" his participation in the rehabilitation program because at the time the injury occurred the job search had ended and the new one had not yet began.

¶{5}    A review of the trial court's order indicates that it did not misapply the standard of review. Despite Channels insistence to the contrary, although the trial court did state that his testimony seemed unreasonable and that reasonable minds could disbelieve it, it also indicated that even if that testimony was believed the Bureau was entitled to summary judgment as a matter of law because his injury did not occur in the course of and arising out of his employment. Thus, there is no merit with the first two assignments of error.

¶{6}    Furthermore, we agree with the trial court's conclusion that the injury did not occur in the course of employment and arise out of actual participation in the rehabilitation program.  The Bureau is not an employer in the traditional sense, and as such, we disagree that Channels while making his fifteen face-to-face contacts per week can be likened to a traveling sales person that could be protected while traveling and performing tasks related to that position.  Thus, we find no merit with the third assignment of error.  Accordingly, the judgment of the trial court is hereby affirmed.

STATEMENT OF THE CASE

¶{7}    Channels was injured in 2005 while at work; he received workers' compensation benefits for that injury.  Since he was unable to return to his previous position, he was enrolled in the Bureau of Workers' Compensation Vocational Rehabilitation Program.  The Vocational Rehabilitation Program required Channels to make fifteen face-to-face contacts with prospective employers per week.  Five of the contacts were provided to him through his case worker.  The other ten contacts he had to come up with on his own.  (Depo. 47).

¶{8}    On October 16, 2008, Channels went to Smitty's Carpet Store to submit his resume; this was one of his contacts.  He did not get the job.  He then returned home purportedly to get another contact (name of potential employer) from his then girlfriend and directions to that prospective place of employment.  (Depo. 48).  When he got out of his truck and was walking toward the trailer, he fell and broke his ankle.  He avowed that his typical routine was to travel to a prospective employer's location, submit a resume, and then return home to get another contact and directions. (Channels May 2010 Affidavit ¶3).

¶{9}    After the injury, he filed a claim with the Bureau seeking workers' compensation.  The Bureau rejected the claim.  He appealed the rejection and the matter was heard by a District Hearing Officer of the Industrial Commission of Ohio. That Officer denied the claim.  Channels appealed the denial, which resulted in a Staff Hearing Officer of the Industrial Commission of Ohio hearing the claim.  The denial was affirmed.  Channels appealed that denial and the Industrial Commission of Ohio heard the claim and denied Channels right to compensation.  Channels then filed a complaint in the trial court appealing the decision of the Industrial Commission.

¶{10} Following the complaint, the parties filed their respective motions for summary judgment. After a hearing, the trial court denied Channels' motion for summary judgment, but granted the Bureau's motion for summary judgment.

## STANDARD OF REVIEW

¶{11} All assignments of error assert that the trial court's grant of summary judgment for the Bureau was erroneous. In reviewing a summary judgment award, we apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.* (1998), 128 Ohio App.3d 546, 552. Thus, we apply the same test as the trial court. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming* (1994), 68 Ohio St.3d 509, 511. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.* (1995), 104 Ohio App.3d 598, 603, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247-48. With that standard in mind, we now address the assignments of error.

## FIRST ASSIGNMENT OF ERROR

¶{12} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT DESPITE ADMITTING, IN ITS DISMISSAL ORDER, THAT ISSUES OF FACT EXIST."

## SECOND ASSIGNMENT OF ERROR

¶{13} "THE TRIAL COURT FAILED TO APPLY THE APPROPRIATE STANDARD FOR SUMMARY JUDGMENT BY WEIGHING THE EVIDENCE AND APPELLANT'S CREDIABILITY [SIC]."

¶{14} The arguments made under these two assignments of error are related and, as such, are addressed simultaneously.

¶{15} It is true that in rendering its judgment, the trial court does acknowledge that there is a genuine issue of material fact. It also states that Channels' explanation that it was his practice to go to a prospective employer's location and then return home to get another contact name and directions seemed odd and unlikely. The trial court, however, made these statements when ruling on Channels' motion for summary

judgment. It then stated that Channels' motion for summary judgment also fails for the same reason why the Bureau's motion for summary judgment succeeds. It gave the following explanation:

¶{16} "For the purposes of Defendant's Motion for Summary Judgment the Court assumes, without deciding, that Plaintiff's testimony is absolutely correct. Defendant's Motion for Summary Judgment claims that even if Plaintiff's testimony is true that his injury at home is not in the course of and arising out of his employment. A contrary ruling would grant Worker's Compensation benefits to every employee who fell in the shower at home getting ready for work if he did not have a fixed situs (i.e. Traveling salesman)."

¶{17} The trial court's statements show that it was not assessing credibility, that it was applying the legal standard appropriately, that regardless of whether Channels' explanation was believed, the Bureau was entitled to judgment as a matter of law. In essence, the trial court held that Channels is a non-fixed-situs employee and that at the latest, when he arrived at his home, his employment ceased. Thus, the trial court's holding is that as a matter of law his injury did not occur in the course of and did not arise out of his employment with the Bureau and was not compensable. Whether or not that position is correct is argued and explored in the third assignment of error. Accordingly, appellant's first and second assignments of error lack merit.

## THIRD ASSIGNMENT OF ERROR

¶{18} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN UNCONTROVERTED EVIDENCE DEMONSTRATES APPELLANT WAS INJURED WHILE IN THE COURSE OF AND ARISING OUT OF HIS VOCATIONAL REHBAILITATION [SIC] PROGRAM MANDATED BY R.C. §4121.68."

¶{19} R.C. 4121.68 states:

¶{20} "In the event a claimant sustains an injury or occupational disease * * * in the course of and arising out of his participation in a rehabilitation program, the claimant * * * may file a claim for compensation and benefits as if the claimant's employer were the bureau of workers' compensation."

¶{21} According to the statute, the Bureau is considered the employer, Channels is the employee, and his participation in the rehabilitation program is his job. In order for the injury to be compensable, the injury must occur while "in the course of and arising out of" the injured employee's employment. "In the course of and arising out of" is the test used to determine whether the injury is compensable. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277. The Supreme Court has explained that these two prongs are conjunctive, requiring both to be satisfied before compensation is allowed. Id.

¶{22} As to the "in the course of" prong, the Court has stated:

¶{23} "The phrase 'in the course of employment' limits compensable injuries to those sustained by an employee while performing a required duty in the employer's service. 'To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer.' An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business." *Ruckman v. Cubby Drilling, Inc.* (1998)*, 81 Ohio St.3d 117, 120 (internal citations omitted). This prong requires a consideration of factors such as "time, place, and circumstances" of the injury to determine the existence of a nexus between the employment and the activity causing the injury. *Fisher,* supra, at 277.

¶{24} The second prong, "arising out of," contemplates a causal connection between the injury and the employment. *Ruckman,* supra, at 121-122. The analysis under this prong requires a totality of the circumstances review of the incident. Id. at 122. There are three basic factors that the Court set forth to assist in determining whether an injury arose out of the employee's employment: "1) the proximity of the scene of the accident to the place of employment; 2) the degree of control the employer had over the scene of the accident; and 3) the benefit the employer received from the injured employee's presence at the scene of the accident." Id. at 122, quoting *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 444.

¶{25} However, this list is not exhaustive, but rather is illustrative. *Fisher,* supra, at 279, n.2. Workers' compensation cases are intensely fact specific and a flexible and analytically sound approach is preferable to rigid rules that can lead to

unsound and unfair results. Id. at 280. Likewise, the workers' compensation statutes must be liberally construed in favor of the employee. R.C. 4123.95; *Fisher,* supra, at 278.

¶{26} In the context of R.C. 4121.68 one Ohio appellate court case has determined that the injury did not occur in the course of and arise out of the rehabilitation program. *Harding v. Conrad* (1997), 121 Ohio App.3d 598. In *Harding,* the employee was participating in a rehabilitation program and chose to stay at the rehabilitation facility. A fire occurred during her stay and while walking to the stairs to exit the building, the employee tripped over her own feet, fell to her knees and was injured. The employee sought compensation for her injury. Compensation was denied because her injury did not occur in the course of or arising out of her participation in the rehabilitation program. In affirming the denial, the appellate court explained that not all injuries that occur "while under prescription for rehabilitation treatment would entitle that individual to workers' compensation benefits." Id. at 602. It reasoned that reading the statute to mean that all injuries are compensable would be preposterous. It explained:

¶{27} "For example, an individual who is walking into a rehabilitation facility for treatment could slip and fall, an individual who has decided to stay and chat with a few friends after treatment could slip and fall, or an individual driving to his prescribed treatment could get into an accident-the scenarios are endless. Where do we draw the line? Merely because a facility provides free room and board to an individual participating in a rehabilitation program does not mean that the facility becomes a guarantor of the participant's total safety. The statute and the Ohio Administrative Code are harmonious and do reconcile with each other, *State ex rel. Cuyahoga Cty. Hosp.;* the participant's safety will be guaranteed only while the individual is actually participating in a rehabilitation program." Id.

¶{28} We find that reasoning to be instructive. The Bureau cannot be the guarantor of the participant's safety at all times. And when, as here, the causal connection is not found, the injury is not compensable. Although Channels was required to find ten contacts on his own and make fifteen face-to-face contacts per week, at some point the job search ends. We agree with the Bureau that a claimant

who is injured at home is not injured while conducting the job search. Neither the Bureau nor any prospective employer controlled the premises (his own yard) where Channels was injured. Walking on his lawn was not a condition of, incidental to or an obligation of participation in the rehabilitation program. Thus, just as the participant in *Harding* was injured while not engaging in rehabilitation, Channels likewise was not injured while engaging in the rehabilitation program. Merely walking into his home to get the name and directions to the next prospective employer is as a matter of law not sufficient for the injury to be compensable because at the time of the injury he was not participating in the program.

¶{29} Channels does attempt to liken his actions to that of a traveling salesman. Injuries that occur to a traveling salesperson while traveling for purposes of work are typically compensable under workers' compensation. *Lippolt v. Hague,* 10th Dist. No. 08AP-140, 2008-Ohio-5070, ¶12, citing *Fletcher v. Northwest Mechanical Contr., Inc.* (1991), 75 Ohio App.3d 466, 473; *Rankin v. Thomas Sysco Food Services* (Nov. 27, 1996), 1st Dist. No. C-950904; *Hampton v. Trimble* (1995), 101 Ohio App.3d 282. We disagree with Channels that his actions of walking into his home to get another name and contact are analogous to a traveling salesperson. The Bureau is not the employer in the traditional sense and thus, the intent is to only cover the participant while engaging in the actual rehabilitation, not while doing actions only somewhat connected to the rehabilitation. As stated above, at some point the search for employment ends. Thus, we find no merit with this assignment.

<u>CONCLUSION</u>

¶{30} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, P.J., concurs in judgment only.
DeGenaro, J., concurs.